**John Paul DELTUVA, Appellant,**

v.

**Barbara DELTUVA, Appellee.**

**No. 05–02–00802–CV.**

Court of Appeals of Texas,
Dallas.

Aug. 28, 2003.

Craig A. Jackson, Dallas, for Appellant.

Sharon M. Easley, Easley & Marquis, PLLC, Plano, for Appellee.

Before Justices WRIGHT, FARRIS,[1] and ROSENBERG.[2]

## OPINION ON REHEARING

Opinion by Justice FARRIS.

We grant appellant's amended motion for rehearing and withdraw the opinion and judgment of June 24, 2003. The following is now the opinion of the Court.

In this appeal from a final decree of divorce, John Paul Deltuva (John) presents six issues concerning his child support obligations, the division of the marital estate, the award of spousal maintenance, and the trial court's failure to file findings of fact and conclusions of law. Barbara Deltuva (Barbara) presents two cross points, contending the trial court erred by failing to find she suffered actual damages as a result of John's intentional infliction of emotional distress and failing to order John to pay all of her attorney's fees.

We reverse and remand that portion of the divorce decree requiring John to pay spousal maintenance for four years because the family code does not, under the facts of this case, permit spousal maintenance for a period greater than three years. We reverse and remand the child support order for reductions in accordance with the guidelines as the obligation to support each child terminates. We resolve John's remaining issues against him. We decline to address Barbara's cross points.

### Child Support

In his first issue, John contends the evidence is legally and factually insufficient to support the provision in the final decree of divorce ordering him to pay $1,800 each month for child support. John claims the evidence presented at trial was insufficient to prove his income and, as a result, the trial court abused its discretion in setting any amount of child support. As part of his sixth issue he argues that he is not able to effectively present his first issue because the trial court failed to provide findings of fact and conclusions of law as requested.

First, with regard to the findings of fact, the family code provides that the trial court is required to make findings of fact on an order of child support if:

- a party files a written request with the court not later than 10 days after the date of the hearing;
- a party makes an oral request in open court during the hearing; or
- the amount of child support ordered by the court varies from the amount computed by applying the percentage guidelines.

TEX. FAM.CODE ANN. § 154.130(a)(Vernon 2002). The last day of the divorce trial was November 16, 2001. John filed his written request for findings of fact and

1. The Honorable David F. Farris, Retired Justice, Second District Court of Appeals, Fort Worth, Texas, sitting by assignment.

2. The Honorable Barbara Rosenberg, Former Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

conclusions of law on Monday, March 11, 2002, more than ten days after the hearing. The record does not reflect an oral request for findings. Finally, the jury found his net earnings were $125,000. The entry of $1,800.00 per month is within the child support guidelines for three children for a parent with over $6,000 in net resources. Accordingly, the trial court was not required to make findings of fact. We resolve the part of John's sixth issue complaining about the lack of findings of fact concerning child support against him.

Next, in reviewing the child support order, we use an abuse of discretion standard. *In re D.S.*, 76 S.W.3d 512, 516 (Tex.App.-Houston [14th Dist.] 2002, no pet.). A court abuses its discretion when it rules arbitrarily, unreasonably, or without regard to guiding rules or principles. *McGuire v. McGuire*, 4 S.W.3d 382, 384 (Tex.App.-Houston [1st Dist.] 1999, no pet.). Under the abuse of discretion standard, legal or factual sufficiency of the evidence are not independent grounds for review, but are relevant factors in assessing whether the court abused its discretion. *In re A.D.H.*, 979 S.W.2d 445, 446 (Tex.App.-Beaumont 1998, no pet.). We view the evidence in the light most favorable to the order and indulge every presumption in favor of the order. *McGuire*, 4 S.W.3d at 384. If some probative and substantive evidence supports the order, there is no abuse of discretion. *Id.* Here, the jury made the finding of earnings on which the trial court made its support order. Under this standard, we review the record to determine whether some probative and substantive evidence supports the finding and the subsequent order.

The jury found that John was capable of earning $125,000 a year. John claims the evidence does not support this finding. He relies on his testimony that his business had been declining over the last few years because of the advent of corrective laser surgery and the retirement several doctors who referred clients to him. John also testified he could not consistently keep his business open because of heart problems, court appearances, and being jailed twice for contempt of court.

However, the record also reflects John owned his own optical business and that he paid himself approximately $120,000 a year in salary over the five years leading up to the divorce proceedings. His accountant also testified that his income since 1991 had been over $100,000 and that he did not think his income in the year prior to the divorce was exceptionally different from previous years. Because some probative and substantive evidence supports the finding, there is evidence to support the jury's finding that John was capable of earning $125,000 a year.

Using the jury's findings for gross earnings, John's monthly net resources were greater than $6,000. *See* Tex. Fam.Code Ann. §§ 154.061, .062 (Vernon 2002). Under the child support guidelines, an obligor with net monthly resources of $6,000 or more and three children to support should, at a minimum, pay as child support thirty percent of $6,000, or $1,800. *See id.* §§ 154.125 and 154.126. Thus, the trial court followed the guidelines when ordering $1,800 as John's monthly child support obligation. A child support order entered pursuant to the guidelines is presumed correct and reasonable. *Id.* § 154.122(a) (Vernon 2002); *McGuire*, 4 S.W.3d at 388. We conclude John has failed to show the trial court abused its discretion when it set the amount of his child support. We resolve his first issue against him.

### Reductions in Child Support

In his second issue, John contends the trial court erred by ordering him to pay a fixed amount of child support re-

gardless of the number of children he is obligated to support. John asserts he should have his obligation reduced as each child reaches the age of eighteen, and leaves high school.

■ Absent a contractual agreement, a court cannot require support for children who have left high school and are over the age of eighteen. *See* TEX. FAM.CODE ANN. § 154.001(a)(1) (Vernon 2002); *Burtch v. Burtch,* 972 S.W.2d 882, 886 (Tex.App.-Austin 1998, no pet.). Further, the family code provides:

> A child support order for more than one child shall provide that, on the termination of support for a child, the level of support for the remaining child or children is in accordance with the child support guidelines.

TEX. FAM.CODE ANN. § 154.127(Vernon 2002). In this case, the divorce decree does not provide for a reduction in child support as John's children reach the age of eighteen and leave high school. Therefore, we conclude John has shown the trial court abused its discretion in this regard, and we resolve his second issue in his favor.

### Division of Marital Estate

In his third issue, John complains the trial court erred when it divided the marital estate in the absence of evidence placing values on each item in the estate. John contends that, without values assigned to the items, the court could not determine whether the property division was just and right. Therefore, John asserts, the trial court abused its discretion when dividing the marital estate. In connection with the division of the marital estate, in his sixth issue he complains that the trial court did not make findings of fact so that he could effectively present the marital division dispute to this Court.

■ John timely requested findings of fact and conclusions of law under the rules. Section 6.711 of the family code requires the trial court, upon request, to make findings of fact and conclusions of law concerning the value of the community estate's assets on which disputed evidence has been presented. TEX. FAM.CODE ANN. § 6.711(a)(2) (Vernon Supp.2003). Here, John's complaint is that no evidence was presented on the value of the property. Thus, the trial court is under no obligation to make findings on facts that were not contested or presented to the court. Moreover, when a party does not provide values for property to be divided, that party may not complain on appeal that the trial court lacked sufficient information to properly divide the property. *Vannerson v. Vannerson,* 857 S.W.2d 659, 670 (Tex. App.-Houston [1st Dist.] 1993, writ denied). John does not direct us to any portion of the record demonstrating he tried to provide a value for the unvalued items in the parties' inventories, and we do not find any such evidence. Because John did not provide these values, he may not complain that the trial court had insufficient information to divide the marital estate in a just and right manner. *Id.* Moreover, in the absence of these values, John cannot show the trial court did not make a just and right division of the marital estate. Accordingly, we resolve John's third issue and part of the sixth issue against him.

### Award of Spousal Maintenance

■ In his fourth issue, John contends the trial court erred when it awarded Barbara spousal maintenance because there was no evidence to support the award. John contends Barbara's earning capacity and the monies awarded to her in the divorce are sufficient to meet her minimum reasonable needs for the next five years without his assistance.

The purpose of spousal maintenance is to provide temporary and rehabilitative support for a spouse whose ability to support herself has eroded over time while engaged in homemaking activities and whose capital assets are insufficient to provide support. *O'Carolan v. Hopper*, 71 S.W.3d 529, 533 (Tex.App.-Austin 2002, no pet.). The trial court may, in its discretion, award spousal maintenance only if the party seeking maintenance meets specific eligibility requirements. *See* TEX. FAM. CODE ANN. § 8.051 (Vernon Supp.2003); *Pickens v. Pickens*, 62 S.W.3d 212, 214–15 (Tex.App.-Dallas 2001, pet. denied). When divorce is sought in a marriage lasting ten years or more, a spouse may request spousal maintenance if she lacks sufficient property to meet her minimum reasonable needs and cannot support herself due to insufficient earning capability. *Pickens*, 62 S.W.3d at 215. Determining the spouse's minimum reasonable needs is a fact-specific determination done on a case-by-case basis. *Amos v. Amos*, 79 S.W.3d 747, 749 (Tex.App.-Corpus Christi 2002, no pet.). We review the trial court's decision to award spousal maintenance under an abuse of discretion standard. *Id.*

The record reveals Barbara is a college graduate and had worked in the commercial real estate field before marrying John. During the Deltuva's seventeen-year marriage, Barbara's role was to be a homemaker. During the pendency of the divorce, Barbara worked part-time at a retail store and earned her realtor's license. At the time of trial, however, Barbara had only managed to sell one house. Barbara estimated it would take at least one year for her to get her real estate business "rolling." The jury found Barbara had an earning capacity of $2,083 a month.

The Deltuva's house was sold during the divorce proceedings, and the sale proceeds were deposited into the trial court's registry. Much of that money was used to pay community debts. The trial court awarded Barbara $22,293 of the funds to compensate her for community property John destroyed after being served with divorce papers.

John does not dispute that Barbara's monthly expenses totaled $4,840. Based on her gross earning capacity of $2,083 per month, she faced a significant monthly shortfall. While Barbara received the majority of the marital estate, the court could have reasonably concluded that her funds would be exhausted before her earnings matched her reasonable minimum monthly expenses. Therefore, we cannot conclude the court's decision to order John to pay Barbara $650 each month in spousal maintenance was an abuse of discretion. *See Limbaugh v. Limbaugh*, 71 S.W.3d 1, 15 (Tex.App.-Waco 2002, no pet.). Accordingly, we resolve John's fourth issue against him.[3]

### Duration of Spousal Maintenance

In his fifth issue, John contends the trial court erred by ordering him to pay spousal maintenance for four years when the applicable statute mandates spousal maintenance should continue for only three years. John also contends we should render judgment that he is obligated to pay spousal maintenance for only one year, asserting the evidence demonstrates Barbara would only need maintenance for

---

3. He also complains about the failure to make findings of fact and conclusions of law for the maintenance award in his sixth issue. However, after reviewing the record, we conclude that John was not harmed by the trial court's failure to make findings of fact and conclusions of law about the spousal maintenance because there was ample evidence in the record to support the judgment. *See Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex.1996).

one year. Barbara concedes the trial court erred, but contends the error is typographical, and prays we "affirm" the spousal maintenance "for three years."

Subject to exceptions not applicable to the instant case, spousal maintenance may not last more than three years after the date of the order imposing the maintenance. *See* TEX. FAM.CODE ANN. § 8.054 (Vernon Supp.2003). As stated above, we review the award of spousal maintenance under an abuse of discretion standard. *Pickens,* 62 S.W.3d at 214. A trial court abuses its discretion when it fails to apply the law correctly. *Id.*

Here, the trial court ordered a period of spousal maintenance greater than allowed by the family code. Therefore, the court abused its discretion by awarding spousal maintenance for a period of four years. We decline the parties's requests that we modify the duration of the spousal maintenance because we do not have sufficient evidence before us to fix the period of spousal maintenance. Barbara does not direct us to any portion of the record demonstrating she required spousal maintenance for three years or showing that the ordered four year period of spousal maintenance was a typographical error. The portion of the record John relies on to supports his claim that Barbara only required a year of spousal maintenance does not support his contention. Without undisputed evidence on the length of time Barbara would require spousal maintenance, we cannot determine what period of spousal maintenance the trial court should have ordered. Therefore, we will not modify the judgment. We resolve John's fifth issue in his favor.

### Barbara's Cross Points

In her brief, Barbara presents two cross points, complaining the trial court erred by failing to find she suffered actual damages as a result of John's intentional infliction of emotional distress and failing to order John to pay all of her attorney's fees. We will not consider Barbara's cross points because she failed to file a notice of appeal and fails to show good cause why she did not file a notice of appeal. *See* TEX.R.APP. P. 25.1; *Richardson Indep. Sch. Dist. v. GE Capital Corp.,* 58 S.W.3d 290, 292 (Tex.App.-Dallas 2001, no pet.) (appellate court may not grant party greater relief than given by trial court when party fails to file a notice of appeal, absent a showing of good cause).

### Conclusion

We remand the child support order to provide for a reduction in child support in accordance with the guidelines as the obligation for each child terminates. We reverse that portion of the final decree of divorce providing for four years of spousal maintenance and remand the case for further proceedings on the issue of the duration of spousal maintenance. In all other respects, we affirm the final decree of divorce.