IN THE INTEREST OF M.W.C., A CHILD

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-210-CV

IN THE INTEREST OF 

M.W.C., A CHILD 

------------

FROM THE 231
ST
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Michael C. appeals from the trial court’s order modifying child support, imposing retroactive child support, and requiring him to pay a portion of the attorney’s fees incurred by Appellee Leianne S.  In a bench trial, the trial court heard evidence that in 1991 the ten years between the couple’s divorce in and the hearing, their child M.W.C.’s needs had changed from those of a one-year-old to those of an eleven-year-old.  She needs money for extracurricular activities, clothes, and a car in the future.  There was also evidence that Leianne was making $26,000 or $27,000 at the time of the divorce but that she was unemployed at the time of the modification hearing.  Her prior employer had been her second estranged husband; their divorce was pending at the time of this hearing.

After his divorce from Leianne, Michael married Loretta.  Evidence showed that Michael had worked in the field of electronics for many years.  The trial court also heard evidence that after Leianne filed her motion for modification, Michael and Loretta divorced, and he agreed to give Loretta all of the community property, including her retirement and their electronics business.  After the divorce, Michael continued to work for Loretta in her home, the pickup he drove was leased in her name, and, at the time of the hearing, she paid him $26,000 a year, while he typically worked about thirty hours per week.  Michael testified that his diabetes and migraines prevented him from working full-time.  Finally, there was also evidence that the most he had ever made for a full year’s work, working full-time, was $36,000, also in the electronics field, as an employee.  He testified that he lived in Lewisville with his adult daughter.

Although the trial court filed findings of fact and conclusions of law, none specifically address the reason for the increase in child support.  The trial court is accorded broad discretion in setting and modifying child support obligations and, absent an abuse of discretion, the trial court's order will not be disturbed on appeal.
(footnote: 2)  A trial court abuses its discretion if it acts arbitrarily and unreasonably or without reference to guiding principles.
(footnote: 3)  We must view the evidence in the light most favorable to the trial court's actions and indulge in every legal presumption in favor of the judgment.
(footnote: 4)  If there is some probative and substantive evidence to support the judgment, the trial court did not abuse its discretion.
(footnote: 5)  Legal and factual sufficiency are not independent grounds of error in modification cases, but they are relevant factors in deciding whether the trial court abused its discretion.
(footnote: 6)
 In his first and third points, Michael contends that the trial court abused its discretion in increasing child support because the evidence is legally and factually insufficient to support the increase.  In his fifth point, Michael contends that the trial court abused its discretion in not decreasing child support because the greater weight and preponderance of the evidence requires a decrease.  In his sixth point, he contends that the trial court abused its discretion in awarding retroactive child support because the greater weight and preponderance of the evidence demanded a decrease in the child support award.

Michael focuses his challenge on the evidence regarding his net resources.  Section 154.066 of the Texas Family Code allows the trial court to apply the support guidelines to the earning potential of an obligor, rather than actual income, if the obligor is intentionally underemployed.
(footnote: 7)  For a trial court  to find that a parent is intentionally underemployed, there must be evidence that the parent reduced his income for the purpose of decreasing his child support obligation.
(footnote: 8)  There is no presumption of intentional underemployment simply because the divorced obligor earns less than he did when he was married to the obligee.
(footnote: 9)  The requisite intent or lack thereof, however, may be inferred from such circumstances as the parent's business reversals, business background, and earning potential.
(footnote: 10)  Based on our review of the evidence detailed above, we hold that there was evidence from which the trial court could conclude that Michael was underemployed.  There was also evidence that his annual earning potential is $36,000.  The modification order was signed in 2002.  We note that the Employed Persons 2002 Tax Chart prepared by the Office of the Attorney General and appended to section 154.061 of the Texas Family Code provides that the net monthly income of a person who makes $36,000 is $2438.25.
(footnote: 11)  Twenty percent of that amount is $487.65.  We hold that the trial court did not abuse its discretion in increasing Michael’s monthly child support obligation from $300 to $485.
(footnote: 12)  We overrule his first, third, fifth, and sixth issues.

In his second and fourth points, Michael contends that the trial court abused its discretion in awarding retroactive child support because the evidence is legally and factually insufficient to support the award.  We have already held that the trial court did not abuse its discretion in increasing monthly child support to $485.  The Texas Family Code allows child support to be modified for obligations accruing after the earlier of the date of service of citation or an appearance in the suit to modify.
(footnote: 13)  The record does not indicate the date of service.  Michael answered Leianne’s motion to modify child support in September 1996.  The modification order was signed in June 2002, about sixty-eight months later.  The trial court awarded retroactive child support of $11,840, or sixty-four months’ worth.  We  cannot say that the trial court abused its discretion in awarding retroactive child support.  We overrule Michael’s second, fourth, and sixth points.

In his seventh point, Michael contends that the trial court abused its discretion in awarding attorney’s fees because they were based on the trial court’s erroneous determination that Leianne was entitled to the relief she sought.  He does not challenge the necessity or reasonableness of the attorney’s fees.  Because we have upheld the trial court’s determination that Leianne was entitled to increased child support, applied retroactively, we overrule Michael’s seventh point.

Having overruled all of Michael’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DELIVERED:  May 6, 2004

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
In re P.J.H.
, 25 S.W.3d 402, 406 (Tex. App.—Fort Worth 2000, no pet.).

3:
Downer v. Aquamarine Operators
,
 Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).

4:
P.J.H.
, 25 S.W.3d at 406.

5:
Id.

6:
Deltuva v. Deltuva
, 113 S.W.3d 882, 886 (Tex. App.—Dallas 2003, no pet.); 
see P.J.H.
, 25 S.W.3d at 406 n.1.

7:
Tex. Fam. Code Ann.
 § 154.066 (Vernon 2002).

8:
P.J.H.
, 25 S.W.3d at 406.

9:
Id.

10:
Id.

11:
See
 
Tex. Fam. Code Ann.
 § 154.061 (Vernon 2002).

12:
See
 
id
. § 154.125 (Vernon 2002) (providing that for obligors with net monthly resources of $6,000 or less, child support should be 20% of net monthly resources); 
id. 
§ 156.402 (providing that the guidelines are discretionary in modification cases);
 id.
 § 154.061 (providing the formula for computing net monthly income).

13:
Id.
 § 156.401(b) (Vernon Supp. 2004).