COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-210-CV
  
  
IN 
THE INTEREST OF
M.W.C., 
A CHILD
  
  
  
------------
 
FROM 
THE 231ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Michael C. appeals from the trial court’s order modifying child support, 
imposing retroactive child support, and requiring him to pay a portion of the 
attorney’s fees incurred by Appellee Leianne S.  In a bench trial, the 
trial court heard evidence that in 1991 the ten years between the couple’s 
divorce in and the hearing, their child M.W.C.’s needs had changed from those 
of a one-year-old to those of an eleven-year-old.  She needs money for 
extracurricular activities, clothes, and a car in the future.  There was 
also evidence that Leianne was making $26,000 or $27,000 at the time of the 
divorce but that she was unemployed at the time of the modification 
hearing.  Her prior employer had been her second estranged husband; their 
divorce was pending at the time of this hearing.
        After 
his divorce from Leianne, Michael married Loretta. Evidence showed that Michael 
had worked in the field of electronics for many years. The trial court also 
heard evidence that after Leianne filed her motion for modification, Michael and 
Loretta divorced, and he agreed to give Loretta all of the community property, 
including her retirement and their electronics business. After the divorce, 
Michael continued to work for Loretta in her home, the pickup he drove was 
leased in her name, and, at the time of the hearing, she paid him $26,000 a 
year, while he typically worked about thirty hours per week. Michael testified 
that his diabetes and migraines prevented him from working full-time. Finally, 
there was also evidence that the most he had ever made for a full year’s work, 
working full-time, was $36,000, also in the electronics field, as an employee. 
He testified that he lived in Lewisville with his adult daughter.
        Although 
the trial court filed findings of fact and conclusions of law, none specifically 
address the reason for the increase in child support. The trial court is 
accorded broad discretion in setting and modifying child support obligations 
and, absent an abuse of discretion, the trial court's order will not be 
disturbed on appeal.[2]  A trial court abuses its 
discretion if it acts arbitrarily and unreasonably or without reference to 
guiding principles.[3]  We must view the 
evidence in the light most favorable to the trial court's actions and indulge in 
every legal presumption in favor of the judgment.[4] 
If there is some probative and substantive evidence to support the judgment, the 
trial court did not abuse its discretion.[5] Legal and 
factual sufficiency are not independent grounds of error in modification cases, 
but they are relevant factors in deciding whether the trial court abused its 
discretion.[6]
        In 
his first and third points, Michael contends that the trial court abused its 
discretion in increasing child support because the evidence is legally and 
factually insufficient to support the increase. In his fifth point, Michael 
contends that the trial court abused its discretion in not decreasing child 
support because the greater weight and preponderance of the evidence requires a 
decrease. In his sixth point, he contends that the trial court abused its 
discretion in awarding retroactive child support because the greater weight and 
preponderance of the evidence demanded a decrease in the child support award.
        Michael 
focuses his challenge on the evidence regarding his net resources. Section 
154.066 of the Texas Family Code allows the trial court to apply the support 
guidelines to the earning potential of an obligor, rather than actual income, if 
the obligor is intentionally underemployed.[7]  
For a trial court to find that a parent is intentionally underemployed, there 
must be evidence that the parent reduced his income for the purpose of 
decreasing his child support obligation.[8]  
There is no presumption of intentional underemployment simply because the 
divorced obligor earns less than he did when he was married to the obligee.[9]  The requisite intent or lack thereof, however, may 
be inferred from such circumstances as the parent's business reversals, business 
background, and earning potential.[10]  Based on 
our review of the evidence detailed above, we hold that there was evidence from 
which the trial court could conclude that Michael was underemployed.  There 
was also evidence that his annual earning potential is $36,000. The modification 
order was signed in 2002.  We note that the Employed Persons 2002 Tax Chart 
prepared by the Office of the Attorney General and appended to section 154.061 
of the Texas Family Code provides that the net monthly income of a person who 
makes $36,000 is $2438.25.[11] Twenty percent of that 
amount is $487.65. We hold that the trial court did not abuse its discretion in 
increasing Michael’s monthly child support obligation from $300 to $485.[12]  We overrule his first, third, fifth, and sixth 
issues.
        In 
his second and fourth points, Michael contends that the trial court abused its 
discretion in awarding retroactive child support because the evidence is legally 
and factually insufficient to support the award. We have already held that the 
trial court did not abuse its discretion in increasing monthly child support to 
$485. The Texas Family Code allows child support to be modified for obligations 
accruing after the earlier of the date of service of citation or an appearance 
in the suit to modify.[13]  The record does not 
indicate the date of service.  Michael answered Leianne’s motion to 
modify child support in September 1996.  The modification order was signed 
in June 2002, about sixty-eight months later.  The trial court awarded 
retroactive child support of $11,840, or sixty-four months’ worth.  We 
cannot say that the trial court abused its discretion in awarding retroactive 
child support.  We overrule Michael’s second, fourth, and sixth points.
        In 
his seventh point, Michael contends that the trial court abused its discretion 
in awarding attorney’s fees because they were based on the trial court’s 
erroneous determination that Leianne was entitled to the relief she 
sought.  He does not challenge the necessity or reasonableness of the 
attorney’s fees.  Because we have upheld the trial court’s 
determination that Leianne was entitled to increased child support, applied 
retroactively, we overrule Michael’s seventh point.
        Having 
overruled all of Michael’s points, we affirm the trial court’s judgment.
   
                                                                  PER 
CURIAM
 
PANEL 
F:   DAUPHINOT, HOLMAN, and GARDNER, JJ.
DELIVERED: 
May 6, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
In re P.J.H., 25 S.W.3d 402, 406 (Tex. App.—Fort Worth 2000, no pet.).
3.  
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 
1985), cert. denied, 476 U.S. 1159 (1986).
4.  
P.J.H., 25 S.W.3d at 406.
5.  
Id.
6.  
Deltuva v. Deltuva, 113 S.W.3d 882, 886 (Tex. App.—Dallas 2003, no 
pet.); see P.J.H., 25 S.W.3d at 406 n.1.
7.  
Tex. Fam. Code Ann. § 154.066 
(Vernon 2002).
8.  
P.J.H., 25 S.W.3d at 406.
9.  
Id.
10.  
Id.
11 
. See Tex. Fam. Code Ann. § 154.061 
(Vernon 2002).
12.  
See id. § 154.125 (Vernon 2002) (providing that for obligors with 
net monthly resources of $6,000 or less, child support should be 20% of net 
monthly resources); id. § 156.402 (providing that the guidelines are 
discretionary in modification cases); id. § 154.061 (providing the 
formula for computing net monthly income).
13.  
Id. § 156.401(b) (Vernon Supp. 2004).