**Affirmed; Opinion Filed November 30, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01233-CV

## IN THE MATTER OF THE MARRIAGE OF LISA BELCASTRO AND RICHARD BELCASTRO

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-13-17788-S**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Myers

Richard Belcastro appeals the trial court's division in the divorce decree of the parties'

community property. Richard brings four issues contending the trial court erred by (1) awarding

Lisa Belcastro a disproportionate portion of the community estate; (2) failing to credit payments

made by Richard to Lisa or collected by Lisa against the debt charged to Richard by the

temporary orders; (3) failing to award a credit to Richard for work he performed for the business

owned by and awarded to Lisa; and (4) awarding real estate to Richard that was not owned by

either party or by an entity owned by either party. We affirm the trial court's judgment.

## BACKGROUND

The parties were married on September 4, 2004. Lisa was a Major in the Army, and she

spent lengthy periods assigned to bases in Germany and Iraq as well as in Fort Sill, Oklahoma

and Fort Hood, Texas. While in the service, Lisa suffered injury and received a disability rating of ninety percent.

In 2007, during the marriage, Lisa set up a limited liability company called LR General Solutions, LLC. The company provided repairs and installation of roofs, windows, and siding as well as renovations of commercial and residential property. Richard had been in the roofing and construction business for his entire career, and he was the general manager for LR General Solutions. He provided the company with tools and equipment that he owned before the marriage. Besides providing installation, repairs, and renovations, the company owned residential real estate, including the houses they and some of their relatives lived in. The company used different business names, including "Dallas Metal Roofs."

To improve the company's chances of qualifying for military contracts, Lisa asked Richard to give up his marital rights in the company so they could present the company as being wholly owned by a female disabled veteran. Richard agreed, and he signed a statement that he "relinquishes his communal marital property rights concerning" the company.

Lisa retired from the Army on October 31, 2012, and she moved back home with Richard. However, the relationship did not survive, and she filed for divorce on September 23, 2013. The parties attempted a reconciliation, but they separated in February 2014. At that time, Richard took the files, computers, and records relating to LR General Solutions, and he took control of the company's websites. Richard set up his own company called Dallas Metal Roofs, LLC, and he used LR General Solutions' tools and equipment to operate the business. Lisa then pursued the divorce proceeding.

The trial court entered temporary orders requiring Richard to pay certain of the overhead expenses of LR General Solutions during the pendency of the divorce. The divorce decree divided the marital estate between the parties. The decree appears to characterize LR General

–2–

Solutions as community property, and it awards ownership of the company to Lisa. The decree awards ownership of Dallas Metal Roofs, LLC to Richard.

## DIVISION OF COMMUNITY PROPERTY

Richard's issues concern the trial court's division of the community property. We review the trial court's division of the community estate for an abuse of discretion. *Slicker v. Slicker*, 464 S.W.3d 850, 857 (Tex. App.—Dallas 2015, no pet.). A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *Id.* In family law cases, the abuse-of-discretion standard overlaps with the traditional sufficiency standards of review; as a result, legal and factual sufficiency are not independent grounds of reversal but are factors relevant to our assessment of whether the trial court abused its discretion. *Id.* To determine whether the trial court abused its discretion, we consider whether the trial court (1) had sufficient evidence on which to exercise its discretion and (2) erred in its exercise of that discretion. *Id.* We then proceed to determine whether, based on the elicited evidence, the trial court made a reasonable decision. *Id.*

Upon granting a divorce, a court must divide the community property "in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage."[1] TEX. FAM. CODE ANN. § 7.001 (West 2006). The trial court has wide discretion in dividing the community property, and the court of appeals does not disturb that division absent an abuse of discretion. *See Murff v. Murff*, 615 S.W.2d 696, 698–99 (Tex. 1981). When exercising its broad discretion to divide the community property, the trial court may consider many factors, including the nature of the property, the relative earning capacity and business opportunities of the parties, the parties' relative financial condition and obligations, the parties' education, the size of the separate estates, the age, health, and physical conditions of the parties,

---

[1] In this case, there were no "children of the marriage."

fault in the breakup of the marriage, the benefit the innocent spouse would have received had the marriage continued, and the probable need for future support. *Id.* at 699; *Slicker*, 464 S.W.3d at 858. The property division need not be equal. *Murff*, 615 S.W.2d at 699. The party complaining of the division of the community estate has the burden of showing from the evidence in the record that the trial court's division of the community estate was so unjust and unfair as to constitute an abuse of discretion. *Slicker*, 464 S.W.3d at 858.

In his first issue, Richard contends the trial court erred by awarding Lisa a disproportionate share of the community estate. Richard asserts the trial court awarded Lisa community property valued at $373,871.50 and awarded him community property valued at $108,256.59. In support of this assertion, Richard cites to "Proposed Findings of Fact and Conclusions of Law." The trial court did not sign this document, and nothing in the record shows the trial court made express findings of fact and conclusions of law. Accordingly, we do not consider this document.[2]

The parties did not introduce evidence of the value of many of the assets awarded to them. In particular, the parties did not introduce evidence of the value of the businesses awarded to each of them. Without this information, Richard cannot show the trial court awarded him a disproportionately small share of the community property. We conclude Richard has failed to show the trial court abused its discretion and that the division of property is not just and right. *See Deltuva v. Deltuva*, 113 S.W.3d 882, 887 (Tex. App.—Dallas 2003, no pet.) (absence of evidence of values precluded showing of unjust division). We overrule Richard's first issue.

In his second issue, Richard contends the trial court erred by not crediting him with $8,000 in payments he made to Lisa against the debt charged to him pursuant to the temporary

---

[2] Richard timely requested the trial court to make findings of fact and conclusions of law and timely notified the court that the findings and conclusions were past due; however, the trial court did not file findings of fact and conclusions of law. Richard does not complain on appeal that the trial court erred by not filing findings of fact and conclusions of law.

orders. The decree required Richard to pay Lisa $48,341.42 for "business debts owed by husband under the Temporary Orders." The temporary orders at issue were those signed May 12, 2014.[3] The evidence shows LR Home Solutions, LLC (the earlier name of LR General Solutions) paid Lisa $2000 in 2013 (the month and day are not legible), and Dallas Metal Roofs paid Lisa $2,000 on February 23, 2014 and $4,000 on January 9, 2014. All of these checks were written before the temporary orders were signed. Richard does not explain why these checks should be credited toward payment of amounts he was later ordered to pay. Furthermore, Lisa testified the checks were for "money that I earned payroll" and not for payment of the items listed in the temporary orders. We conclude that Richard has failed to show the trial court abused its discretion by failing to credit the checks against the amount he was ordered to pay under the temporary orders.

Richard also argues the trial court should have credited $64,000 that LR General Solutions received toward the payments required of him by the temporary orders. Lisa testified that LR General Solutions received a contract with Fort Hood and that the company was paid $64,000. She testified the money was used to pay "the subcontractors that worked for me and my payment for managing the contract." No evidence shows how much Lisa received for managing the contract. Nor does the record show that the money was received after the entry of the temporary orders. We conclude Richard has failed to show the trial court abused its discretion by not crediting the $64,000 payment toward his obligations under the temporary orders. We overrule Richard's second issue.

In his third issue, Richard contends the trial court erred by failing to award a credit to him for work he performed for LR General Solutions. The evidence shows Richard was paid a salary

---

[3] The temporary orders requiring Richard to pay those amounts are not in the appellate record. However, Lisa testified that the orders requiring Richard to pay the amounts at issue were signed May 12, 2014. At Lisa's counsel's request, the trial court took judicial notice of the May 12, 2014 temporary orders, but the parties did not make the orders an exhibit during the trial or request that they be included in the clerk's record.

–5–

of $12,126 in 2007, and he argues he should receive a credit for each year of the marriage of the same amount toward the amounts he was ordered to pay Lisa. The testimony shows that Lisa encouraged Richard to write himself payroll checks because the IRS would not allow her to "track" cash payments and because Richard needed to establish a salary history with the Social Security Administration. However, instead of writing himself checks for salary, Richard made cash withdrawals from LR General Solutions' bank accounts so he could "buy myself cigarettes and food" and use for trips to casinos. The record does not show how much cash Richard withdrew from LR General Solutions' bank accounts for personal purposes. Because the record does not show Richard did not receive at least $12,126 per year from the company, he has not shown the trial court abused its discretion. We overrule Richard's third issue.

In his fourth issue, Richard contends the trial court erred by awarding him real property that was not owned by him, Lisa, or their business entities. The divorce decree awarded Richard, as part of his share of the marital estate, 1622 Southeast 14th Street in Grand Prairie. Richard states that the parties owned 1626 Southeast 14th Street (which was awarded to Lisa in the divorce decree), but they did not own 1622 Southeast 14th Street. In support of this argument, Richard filed a motion for new trial asserting he had newly discovered evidence concerning the ownership of 1622 Southeast 14th Street showing the house was owned by Richard's parents and sold by them in 2014. However, Richard did not request a hearing on the motion for new trial, the court did not hold a hearing on the motion, and the motion was overruled by operation of law. To be entitled to a new trial on the basis of newly discovered evidence, "admissible evidence must be introduced at a hearing on the motion for new trial establishing such essential facts as no prior knowledge on the part of the movant, the prior diligence exercised by the movant, and the nature of the newly discovered evidence." *Strong v. Strong*, 350 S.W.3d 759, 772 (Tex. App.—Dallas 2011, pet. denied). Because there was no hearing on the motion for new

trial, Richard has not preserved any error from the trial court's failure to grant the motion for new trial asserting newly discovered evidence concerning ownership of the property. *See Bell v. Showa Denko K.K.*, 899 S.W.2d 749, 757 (Tex. App.—Amarillo 1995, writ denied).

The record contains some evidence that the parties, through LR General Solutions, owned 1622 Southeast 14th Street. Lisa testified,

> Q. Okay. Did LR General Solutions own any real property, real estate?
>
> A. Right, there's a house on 16th—1622 Southeast 14th Street. 1622 or 1626. We had two right there.

Richard testified,

> Q. . . . Do you think you're entitled to any of the assets that LR General Solution has owned or does own?
>
> A. Yes, sir.
>
> Q. Which ones?
>
> A. The property. 1622 Southwest *[sic]* 14th Street, 1622 or 1626. I'm not sure, the two houses.
>
> Q. Why do you think you're entitled to that?
>
> A. Because I rebuilt it and my mother gave up $27,000 also to help me rebuild it.

This testimony constitutes some evidence that LR General Solutions owned both 1622 and 1626 Southeast 14th Street and that Richard was claiming a right to whichever one his mother gave him $27,000 to rebuild. Because some evidence shows the parties, through LR General Solutions, owned 1622 Southeast 14th Street, we conclude Richard has not shown the trial court abused its discretion by awarding him that property. We overrule his fourth issue.

**CONCLUSION**

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

151233F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE MATTER OF THE MARRIAGE
OF RICHARD BELCASTRO AND LISA
BELCASTRO

No. 05-15-01233-CV

On Appeal from the 255th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-13-17788-S.
Opinion delivered by Justice Myers. Justices
Lang and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee Lisa Belcastro recover her costs of this appeal from
appellant Richard Belcastro.

Judgment entered this 30th day of November, 2016.