

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-20-00247-CV

___

## IN THE MATTER OF THE MARRIAGE OF KENNETH WALLIS
## AND MELISSA WALLIS

___

On Appeal from the County Court at Law
Navarro County, Texas
Trial Court No. C20-28594-CV, Honorable Amanda Putman, Presiding

___

May 19, 2021

## MEMORANDUM OPINION

### Before QUINN, C.J., and PARKER and DOSS, JJ.

Melissa Wallis, pro se, appeals from a final divorce decree. Through it, the trial court ended her marriage to Kenneth Wallis and divided the marital estate. Her multiple issues appear multifarious since many are comprised of conclusory sub-issues uttered in continuing dialogue.[1] Being multifarious, they are subject to rejection on that basis alone. *Suarez*, 2015 Tex. App. LEXIS 10874, at *6. Nevertheless, our effort to discern their substance leads us to conclude that she complains of absent findings of fact regarding the value of property comprising the marital estate, the trial court's division of that estate,

___

[1] An issue is multifarious if it raises more than one specific complaint. *Suarez v. State*, No. 10-14-00218-CR, 2015 Tex. App. LEXIS 10874, at *6 (Tex. App.—Waco Oct. 22, 2015, no pet.) (mem. op., not designated for publication).

the trial court's purported mischaracterization of certain property, judicial bias, and the grounds upon which the trial court granted the divorce. We address each but not necessarily in the order presented by Melissa. And, in doing so, we affirm.[2]

*Adultery*

Melissa questions whether the trial court erred in granting the divorce on the grounds of insupportability as opposed to adultery. Allegedly, the evidence established that Kenneth had committed adultery. We overrule the point.

The grounds upon which to base a divorce lies within the trial court's discretion. *Oliver v. Oliver*, No. 09-18-00208-CV, 2020 Tex. App. LEXIS 2151, at *26 (Tex. App.—Beaumont Mar. 12, 2020, no pet.) (mem. op.). They include adultery. TEX. FAM. CODE ANN. § 6.003 (West 2020). However, the court need not grant the divorce on that basis, even if evidence illustrates that a party committed it. *See Oliver*, 2020 Tex. App. LEXIS 2151, at *26; *In re Hashimi*, No. 14-17-00488-CV, 2018 Tex. App. LEXIS 7071, at *17 (Tex. App.—Houston [14th Dist.] Aug. 30, 2018, no pet.) (mem. op.). So, the trial court at bar did not abuse its discretion in ending the union upon grounds of insupportability.

*Court Intervention*

Though rather unclear, Melissa seems to castigate the trial court for bias. Such purportedly was evinced by its failing to assist her in preparing for trial, obtaining discovery, obtaining a protective order, and the like. Needless to say, a trial court may not abandon its position as a neutral arbiter and assume the role of an advocate. *Davis v. State*, No. 07-04-0232-CR, 2005 Tex. App. LEXIS 8872, at *4 (Tex. App.—Amarillo Oct. 27, 2005, no pet.) (mem. op.). Consequently, it has no duty to assist a litigant or his

---

[2] Because this appeal was transferred from the Tenth Court of Appeals, we are obligated to apply its precedent when available in the event of a conflict between the precedents of that court and this Court. *See* TEX. R. APP. P. 41.3.

attorney. *Id.* Melissa cited us to no authority requiring otherwise simply because she acted in a pro se capacity. Indeed, a pro se litigant is not entitled to any dispensation when it comes to abiding by applicable rules of procedure. They apply to him or her just as they do an attorney. *In re Marriage of Runberg*, 159 S.W.3d 194, 202 n.2 (Tex. App.—Amarillo 2005, no pet.); *accord Vaclavik v. Di Addison*, No. 03-19-00528-CV, 2021 Tex. App. LEXIS 3308, at *1–2 (Tex. App.—Austin Apr. 30, 2021, no pet.) (mem. op.) (stating that, although we construe pro se briefs liberally, pro se appellants are held to the same standards as other appellants represented by counsel to avoid giving them an unfair advantage). Consequently, we do not find that the trial court evinced bias through allegedly neglecting to help Melissa manage her case, prepare for trial, and protect her position.

That the rules of procedure apply to a pro se litigant also means that Melissa was obligated to abide by the rules of discovery when pursuing it. Those very rules dictate the means of discovery and the penalties for an opponent ignoring his obligation to respond to properly solicited discovery. While Melissa complains of the trial court neglecting to assist her discovery efforts, she neglected to cite us to anything of record indicating that she served discovery requests in the manner provided by the rules of civil procedure. Nor did we find any such discovery requests within the appellate record. Similarly missing is any motion she filed purporting to compel responses to discovery. Given that, her complaints about Kenneth neglecting to provide discovery and the trial court neglecting to assist her discovery efforts are overruled.

As for complaints about her inability to obtain a protective order, the trial court issued temporary orders. They included injunctions prohibiting both litigants from engaging in specified conduct, such as harming and harassing each other. So, it appears

that the court actually did what she said it did not do. And, assuming that the order did not encompass all the relief Melissa may have wanted, she neglected to explain to us, though substantive analysis coupled with citation to authority, why or how the trial court erred in not granting it. *Approximately $198,006.00 U.S. Currency v. State*, No. 07-19-00275-CV, 2020 Tex. App. LEXIS 5622, at *9 (Tex. App.—Amarillo July 21, 2020, no pet.) (mem. op.) (holding that appellant waived the constitutional issue because it was not supported by substantive analysis coupled with citation to the record and applicable authority).

Other remarks are made about the trial court being biased in favor of Kenneth and his attorney. This sentiment was captured within Melissa's statement to us that "no one will discuss with her or try and agree on anything, if its [sic] not [what] [Kenneth] wants, it doesnt [sic] get addressed."[3] Yet, we were cited to no objections being uttered by Melissa when the instances of supposed bias occurred. Nor did we find of record any motion asking the court to recuse or remove itself due to some supposed bias. This is of import since an objection is normally required to preserve complaints about judicial misconduct, such as bias. *In re M.J.M.*, 406 S.W.3d 292, 299–300 (Tex. App.—San Antonio 2013, no pet.). Thus, Melissa failed to preserve her complaints for review. Yet even if the complaint were preserved, the quoted matter above depicts the tenor of her complaint as well as its baselessness. Because a judge denies one litigant relief while awarding relief to an opponent does not alone illustrate judicial bias, especially when the complainant (like Melissa here) fails to explain why or how the trial court's rulings failed to comport with applicable authority.

---

[3] An example of the supposed bias consisted of the trial court asking if Kenneth's attorney intended to offer into evidence an exhibit discussed at trial.

Consequently, we overrule the foregoing complaints uttered by Melissa.

*Valuation of Property*

Melissa next complains about the lack of evidence valuing the community estate and failure of the trial court to assign values to items of community property. We overrule the issue.

With regard to the absence of findings, Melissa did not cite us to where in the record she requested same in conformance with Texas Rule of Civil Procedure 296. TEX. R. CIV. P. 296.[4] Nor did she cite us to anything of record illustrating she formally notified the court of its purported failure as required by the same procedural rules. Thus, her complaint was not preserved. *See In re D.C.*, No. 05-12-01574-CV, 2014 Tex. App. LEXIS 5056, at *17–18 (Tex. App.—Dallas May 9, 2014, no pet.) (mem. op.) (stating that even if "we assume appellant made a proper request for findings of fact under rule 296, her complaint on appeal is not preserved because she did not file notice of past-due findings"); *accord Hamilton v. Hamilton*, No. 02-19-00211-CV, 2020 Tex. App. LEXIS 8654, at *4 (Tex. App.—Fort Worth Nov. 5, 2020, no pet.) (mem. op.) (stating that "[b]ecause Philip has not complied with Rule 298, he cannot now complain about the absence of asset-value findings under Section 6.711").

As for the purported absence of evidence valuing the community estate, Kenneth testified about the value of the vehicles garnered during the marriage, the sums in the various household checking and savings accounts, the amount of money in his 401k plan, the amount of money in that plan constituting his separate property, the status of the

---

[4] Statute provides that "[i]n a suit for dissolution of a marriage in which the court has rendered a judgment dividing the estate of the parties, on request by a party, the court shall state in writing its findings of fact and conclusions of law, including . . . the characterization and value of all assets, liabilities, claims, and offsets on which disputed evidence has been presented." TEX. FAM. CODE ANN. § 6.711(a) (West 2020). However, the request "must conform to the Texas Rules of Civil Procedure." *Id.* § 6.711(b).

various firearms being his separate property garnered before marriage or after marriage through gifts, and the status of the home in which the two lived being his separate property.[5]  Other evidence indicated that Melissa 1) took a four-wheeler belonging to the community, sold it for $2,800, and retained the proceeds, 2) bought a trailer and parcel of land upon which to place the trailer during marriage, and 3) had a retirement account with several thousand dollars in it.  However, neither Melissa nor Kenneth proffered evidence valuing the parcel of land and trailer acquired by her, which parcel and trailer were presumptively part of the community estate.  *See* TEX. FAM. CODE ANN. § 3.003(a) (West 2006) (stating that property possessed by either spouse during or on dissolution of marriage is presumed to be community property).

It was beyond the power of the trial court to nonconsensually divest one of his separate property via a divorce.  *See Pearson v. Fillingim*, 332 S.W.3d 361, 364 (Tex. 2011) (per curiam).  Thus, there was no need to value the home and firearms.

Other evidence garnered from the record suggests that the only community assets of potentially significant, yet unproven, value were the trailer and land acquired by Melissa post-separation.  *See Mathis v. Mathis*, No. 01-17-00449-CV, 2018 Tex. App. LEXIS 10432, at *8 (Tex. App.—Houston [1st Dist.] Dec. 18, 2018, no pet.) (mem. op.) (stating that "for significant assets (assets worth enough within the scheme of the couple's community estate to materially impact whether a property division is just and right), there must be sufficient evidence in the record to support the value assigned").  To the extent she neglected to tender evidence of their value, she cannot complain of that.  This is so

---

[5] Because the deed acquired by Kenneth illustrated he purchased the home prior to the marriage, there was sufficient evidence illustrating it to be his separate property.  *See* TEX. FAM. CODE ANN. § 3.001 (West 2006) (describing a party's separate property as including 1) property owned or claimed before marriage and 2) property acquired during marriage by gift, devise, or descent).  Evidence further illustrated that the rifles awarded to Kenneth were either owned by him before marriage or given to him as a gift during marriage.  That supports the determination they were his separate property.

6

since both spouses have the responsibility to provide the trial judge with sufficient valuation evidence to enable the court to make the requisite just and right division. *Id.* at *7; *Howe v. Howe*, 551 S.W.3d 236, 254 (Tex. App.—El Paso 2018, no pet.); *accord In re Marriage of Glynn*, No. 07-13-00095-CV, 2014 Tex. App. LEXIS 13952, at *13 (Tex. App.—Amarillo Dec. 31, 2014, no pet.) (mem. op.). A litigant who fails to provide such evidence cannot complain on appeal about its absence. *Howe*, 551 S.W.3d at 254; *Aduli v. Aduli*, 368 S.W.3d 805, 820 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Deltuva v. Deltuva*, 113 S.W.3d 882, 887 (Tex. App.—Dallas 2003, no pet.).

"Moreover, in the absence of these values, [a spouse] cannot show the trial court did not make a just and right division of the marital estate." *Deltuva*, 113 S.W.3d at 887. So, to the extent Melissa questions whether the trial court made a just and right division of the community estate, that attack also fails.

*401k Characterization*

The final issue we address is Melissa's complaint regarding the characterization of Kenneth's entire 401k account as separate property. We overrule it.

Her attack is two-pronged. Under one, she decries the finding that aspects of the account were found to be his separate property. Under the other, she complains of the trial court's decision to award him the entirety of the account as part of the community estate's division. As to the former, the trial court "confirmed as the husband's separate property" the retirement account. Evidence indicated that its balance approximated $25,300 at the time of their divorce. Furthermore, Melissa apparently conceded that $12,426.62 of it was his separate property. Allegedly, though, the difference between that sum and the balance at time of divorce was community property since it accrued post-marriage. Assuming *arguendo* that she is correct and the trial court erred in deeming

7

it separate, Melissa had the burden to show how the mistake harmed her. *See Richard D. Davis, LLP v. Sky Lakes Flyers Found.*, No. 14-17-00372-CV, 2019 Tex. App. LEXIS 1619, at \*21–22 (Tex. App.—Houston [14th Dist.] Mar. 5, 2019, pet. denied) (mem. op.) (stating that the burden to show harm in a civil appeal lies with the appellant and should he fail to address the topic, he has waived his complaint). The closest argument to harm we encounter in her brief concerns the suggestion that the trial court should have split the community portion of the account when dividing the marital estate. Yet, the trial court was not obligated to divide the community estate equally. *See Slicker v. Slicker*, 464 S.W.3d 850, 858 (Tex. App.—Dallas 2015, no pet.) (stating that the property division need not be equal); *Hallum v. Hallum*, No. 01-09-00095-CV, 2010 Tex. App. LEXIS 9541, at \*10 (Tex. App.—Houston [1st Dist.] Dec. 2, 2010, no pet.) (mem. op.) (stating the same). Its obligation was to strike a just and right division. *See* TEX. FAM. CODE ANN. § 7.001 (West 2020) (stating that the court shall order a division of the marital estate in a manner that it "deems just and right"). Thus, it was not obligated to award Melissa part of the 401k account even if part constituted a community asset. Indeed, to the extent that a spouse complains of a property division struck by the court, the burden lies with that person to establish from the evidence of record that the division was so unjust and unfair as to constitute an abuse of discretion. *Slicker*, 464 S.W.3d at 858. And, as recognized earlier, the absence of property values inhibits a spouse, like Melissa, from illustrating that the division was not just and right. *Deltuva*, 113 S.W.3d at 887. In effect, she prevented herself from illustrating that the award to Kenneth of all his 401k account, even

8

that portion which may be community, denied her a just and right division of the marital estate resulting in harm.[6]

Overruling all issues we could reasonably discern from the appellant's brief, we affirm the trial court's judgment.


Brian Quinn
Chief Justice

---

[6] The judgment reflects that she was awarded all of her retirement account, all cash she controlled, all personality property in her possession, two vehicles, the lawnmower she wanted, and the realty and trailer she bought after separating from Kenneth.