

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-18-00064-CV

---

IN THE MATTER OF THE MARRIAGE OF
WILMA MCCOY AND CHARLES E. MCCOY

---

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 16-1071

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Opinion by Justice Moseley

O P I N I O N

When they separated, Wilma and Charles E. McCoy had been married for almost fifteen years. About one year later, Wilma filed her petition for divorce. Although he was served with the petition and citation, Charles failed to file an answer or make an appearance, and the trial court granted the divorce after a short hearing. In its judgment, the trial court awarded Wilma the family home, situated on nine acres of land, all sums in any retirement resulting from Charles' employment, all retirement accounts in Wilma's name, a 1993 Peterbilt truck, and a 2008 Chevrolet pickup and ordered Charles to pay spousal maintenance in the amount of $500.00 per month for up to five years.

On appeal, Charles challenges the award of spousal maintenance. Charles asserts that the trial court abused its discretion in awarding spousal maintenance because (1) there was no, or insufficient, evidence that Wilma lacked the ability to earn sufficient income to provide for her minimum reasonable needs, (2) there was no evidence rebutting the presumption against an award of spousal maintenance, (3) the award was made in perpetuity, and (4) the award exceeded the statutory maximum. Because we agree that Wilma presented no evidence rebutting the presumption against an award of spousal maintenance, we will reverse the trial court's award of spousal maintenance and render judgment that Wilma take nothing on her request for spousal maintenance.

## I.      The Evidence at Trial

Wilma was the only witness at the hearing. She testified that she and Charles were married in December 2000, that they were separated in October 2015, and that there were no children from

2

the marriage. Although Charles had a logging business while they were married, Wilma did not know if he was working at the time of trial. She said he had trucks and logging equipment from his work, of which she asked that a 1993 Peterbilt truck be awarded to her. Wilma testified that Charles received $900.00 per month from Social Security and that he earned $200.00 per week from working at a church. She also stated that Charles had a 401K account, but did not know how much money was in it. Nevertheless, she asked that this be awarded to her since she had given the money in her 401K to Charles during the marriage. She also testified that she had taken care of Charles when he was sick and that the marriage broke up because Charles had an adulterous affair. Wilma also testified regarding the home purchased during their marriage and requested that it be awarded to her.

Regarding spousal maintenance, Wilma testified that she receives $800.00 per month from Social Security and that she has a job that she works "whenever they call" her. From this job, she makes between $300.00 and $500.00 per month. She told the trial court that she needed at least $500.00 per month to pay her expenses and continue to reside where she lives. Wilma opined that it was fair to award her spousal maintenance because Charles was at fault in the breakup of the marriage and he had always made more money than she had.

## II. Standard of Review

We review an award of spousal maintenance under an abuse of discretion standard. *In re Marriage of Lendman*, 170 S.W.3d 894, 899 (Tex. App.—Texarkana 2005, no pet.). "A trial court abuses its discretion only when it has acted in an unreasonable or arbitrary manner, or when it acts without reference to any guiding principle." *In re P.M.G.*, 405 S.W.3d 406, 410 (Tex. App.—

3

Texarkana 2013, no pet.) (quoting *In re Marriage of Jeffries*, 144 S.W.3d 636, 638 (Tex. App.—Texarkana 2004, no pet.) (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985))). In our review, legal and factual sufficiency of the evidence are relevant factors in assessing whether the trial court abused its discretion, but are not independent grounds of error. *Id.* (citing *Niskar v. Niskar*, 136 S.W.3d 749, 753 (Tex. App.—Dallas 2004, no pet.)). To make our determination, "we consider whether the trial court had sufficient evidence on which to exercise its discretion and, if so, whether it erred in the exercise of that discretion." *Id.* (citing *In re W.C.B.*, 337 S.W.3d 510, 513 (Tex. App.—Dallas 2011, no pet.)). There is no abuse of discretion if there is some substantive and probative evidence that supports the trial court's decision, or if reasonable minds could differ as to the result. *In re Marriage of McFarland*, 176 S.W.3d 650, 656 (Tex. App.—Texarkana 2005, no pet.). When, as here, the trial court has not entered findings of fact and conclusions of law, we must uphold the trial court's judgment on any legal theory supported by the record. *In re Marriage of Smith*, 115 S.W.3d 126, 131 (Tex. App.—Texarkana 2003, pet. denied).

## III. Analysis

"An award of spousal maintenance is intended to provide temporary and rehabilitative support for a spouse whose ability to support herself has eroded over time while engaged in homemaking activities and whose capital assets are insufficient to provide support." *In re Marriage of Hallman*, No. 06-09-00089-CV, 2010 WL 619290, at *5 (Tex. App.—Texarkana 2009, pet. denied) (mem. op.) (citing *Deltuva v. Deltuva*, 113 S.W.3d 882, 888 (Tex. App.—Dallas 2003, no pet.)). The trial court has discretion to award spousal maintenance only if the party

4

seeking it meets specific statutory requirements. *See* TEX. FAM. CODE ANN. § 8.051 (West Supp. 2018); *Deltuva*, 113 S.W.3d at 888. The eligibility for spousal maintenance under Section 8.051 differs, depending on the parties' circumstances. TEX. FAM. CODE ANN. § 8.051. Under the facts of this case, Wilma was eligible for spousal maintenance only if she could show that she had been married to Charles for at least ten years and that she lacked both sufficient property, and the ability to earn sufficient income, to provide for her minimum reasonable needs. *See* TEX. FAM. CODE ANN. § 8.051(2)(B); *Hallman*, 2010 WL 619290, at *5. In addition, when, as here, a party seeks spousal maintenance under subsection (2)(B), there is a rebuttable presumption that spousal maintenance is not warranted unless the party has exercised diligence (1) in earning sufficient income to provide for her minimum reasonable needs or (2) in developing the necessary skills to provide for her minimum needs while the parties were separated and the case was pending. TEX. FAM. CODE ANN. § 8.053 (West Supp. 2018); *Quijano v. Amaya*, No. 13-16-00485-CV; 2018 WL 1870476, at *4 (Tex. App.—Corpus Christi Apr. 19, 2018, no pet.). The determination of a spouse's minimum reasonable needs is fact-specific and determined on a case-by-case basis. *Hallman*, 2010 WL 619290, at *6 (citing *Deltuva*, 113 S.W.3d at 888).

Charles asserts that there is no evidence of Wilma's diligence to either earn sufficient income, or to develop the necessary skills, to provide for her minimum reasonable needs. Wilma argues that her testimony that she works when her employer needs her and that she draws Social Security income was sufficient evidence to overcome the presumption that spousal maintenance was not warranted.

Since Charles did not have the burden of proof at trial, his no-evidence complaint challenges the legal sufficiency of the evidence supporting the trial court's exercise of its discretion. *See In re A.B.O.*, No. 06-14-00071-CV; 2015 WL 2236593, at \*6 (Tex. App.—Texarkana May 12, 2015, no pet.) (mem. op.). The evidence is legally insufficient if (1) there is a complete absence of evidence of a vital fact; (2) the rules of law or of evidence bar the court from giving weight to the only evidence offered to prove a vital fact; (3) there is no more than a mere scintilla of evidence offered to prove a vital fact; or (4) the opposite of the vital fact is conclusively established by the evidence. *Jelinek v. Casas*, 328 S.W.3d 526, 532 (Tex. 2010). More than a scintilla of evidence exists when the evidence reaches a level enabling reasonable and fair-minded people to differ in their conclusions. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

In this case, the only testimony regarding Wilma's efforts to earn a sufficient income to meet her minimum reasonable needs was that she works as her employer needs her and that she earns between $300.00 and $500.00 per month. She also testified that she receives $800.00 in Social Security benefits. However, Wilma did not offer any evidence regarding what job skills she possessed or regarding the efforts she has made, if any, to secure employment that would allow her to work more hours or that would allow her to earn a higher income. In addition, she did not offer any evidence of her efforts, if any, to develop the necessary skills to enhance her opportunities

6

to secure employment that would provide for her minimum reasonable needs. Wilma also offered no evidence regarding any limitations she may have that might prevent her from working additional hours or that might disqualify her from accepting other, more lucrative employment.

We conclude that the paucity of evidence offered in this case was less than a scintilla such that it did no more than create a surmise or suspicion that Wilma was diligent in earning sufficient income to provide for her minimum reasonable needs and that there was a complete absence of evidence that she was diligent in developing the skills necessary to meet those needs.[1] *See Jelinek*, 328 S.W.3d at 532; *Chapman*, 118 S.W.3d at 751. Consequently, the evidence was legally insufficient to overcome the presumption that spousal maintenance was not warranted. *See Quijano*, 2018 WL 1870476, at *6; *Sheshtawy*, 150 S.W.3d at 778. Since there was no substantive and probative evidence supporting the exercise of its discretion, we conclude that the trial court abused its discretion in awarding Wilma spousal maintenance. *See Quijano*, 2018 WL 1870476 at *6; *McFarland*, 176 S.W.3d at 656; *Sheshtawy*, 150 S.W.3d at 778. We sustain this issue.[2]

---

[1]Based on similar testimony, our sister courts of appeals have held that the presumption against awarding spousal maintenance was not overcome. *See Quijano*, 2018 WL 1870476, at *4–6; *Baca v. Baca*, No. 11-15-00147-CV, 2016 WL 4574473, at *5–6 (Tex. App.—Eastland Aug. 25, 2016, no pet.) (mem. op.); *Coleman v. Coleman*, No. 02-09-00155-CV, 2009 WL 4755173, at *2–3 (Tex. App.—Fort Worth Dec. 10, 2009, no pet.) (mem. op.); *Sheshtawy v. Sheshtawy*, 150 S.W.3d 772, 777–78 (Tex. App.—San Antonio 2004, pets. denied).

[2]Because we sustain this issue, which is dispositive of this appeal, we need not address Charles' remaining issues.

For the reasons stated, we reverse the portion of the trial court's judgment awarding Wilma spousal maintenance, and we render judgment denying Wilma's request for such maintenance. In all other respects, we affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:     December 19, 2018
Date Decided:       December 28, 2018