

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00172-CV

———————————————

CHRISTOPHER TIMOTHY SHERMAN, Appellant

V.

MOLLIE MARIE SHERMAN, Appellee

On Appeal from the 30th District Court
Wichita County, Texas
Trial Court No. 189,894-B(A)

Before Birdwell, Bassel, and Wallach, JJ.
Opinion by Justice Wallach

**OPINION**

Christopher and Mollie Sherman were married for almost thirteen years when Mollie filed her petition for divorce. In her petition, Mollie requested post-divorce spousal maintenance for a reasonable period. In the final decree, the trial court ordered Christopher to pay spousal maintenance in the amount of $2,500 per month for two years. Christopher appeals the trial court's award of spousal maintenance in five issues. Because we sustain Christopher's third issue—that Mollie was awarded sufficient property to provide for her minimum reasonable needs and thus is not entitled to spousal maintenance—we need not address his remaining issues challenging the award of spousal maintenance. Based on our resolution of the third issue, we modify the trial court's final divorce decree to delete all awards of spousal maintenance and affirm the trial court's judgment as modified.

## I. STANDARD OF REVIEW

We review the trial court's decision to award spousal maintenance under an abuse of discretion standard of review. *See Diaz v. Diaz*, 350 S.W.3d 251, 254 (Tex. App.–San Antonio 2011, pet. denied). Absent a clear abuse of discretion, we do not disturb the trial court's decision to award spousal maintenance. *Amos v. Amos*, 79 S.W.3d 747, 749 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.). Under this standard of review, the appropriate inquiry is whether the trial court's assessment of spousal maintenance was arbitrary or unreasonable. *Garcia v. Garcia*, 170 S.W.3d 644, 649 (Tex. App.—El Paso 2005, no pet.) (citing *Smithson v. Cessna Aircraft Co.,* 665

S.W.2d 439, 443 (Tex. 1984)). Therefore, we must "determine whether, based on the elicited evidence, the trial court made a reasonable decision. Stated inversely, we must conclude that the trial court's decision was neither arbitrary nor unreasonable." *See Garcia*, 170 S.W.3d at 659. There is no abuse of discretion if there is some substantive and probative evidence that supports the trial court's decision or if reasonable minds could differ as to the result. *In re Marriage of McFarland*, 176 S.W.3d 650, 656 (Tex. App.—Texarkana 2005, no pet.).

Because Christopher did not have the burden of proof on the issue of spousal maintenance, his no-evidence complaint challenges the legal sufficiency of the evidence supporting the trial court's exercise of its discretion. *See In re Marriage of McCoy*, 567 S.W.3d 426, 429 (Tex. App.—Texarkana 2018, no pet.). The evidence is legally insufficient if there is no more than a mere scintilla of evidence offered to prove a vital fact. *Jelinek v. Casas*, 328 S.W.3d 526, 532 (Tex. 2010). More than a scintilla of evidence exists when the evidence reaches a level enabling reasonable and fair-minded people to differ in their conclusions. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

## II.  AWARD OF SPOUSAL MAINTENANCE

"An award of spousal maintenance is intended to provide temporary and rehabilitative support for a spouse whose ability to support herself has eroded over time while engaged in homemaking activities and whose capital assets are insufficient to provide support." *In re Marriage of Hallman*, No. 06-09-00089-CV, 2010 WL 619290, at *5 (Tex. App.—Texarkana 2010, pet. denied) (mem. op.) (citing *Deltuva v. Deltuva*, 113 S.W.3d 882, 888 (Tex. App.—Dallas 2003, no pet.)). Under Section 8.051 of the Texas Family Code, the trial court may in its discretion order spousal maintenance if the party seeking maintenance meets specific eligibility requirements. Tex. Fam. Code Ann. § 8.051; *see Pickens v. Pickens*, 62 S.W.3d 212, 214–15 (Tex. App.—Dallas 2001, pet. denied). When, as here, a divorce is sought in a marriage lasting ten years or more, a spouse is eligible to seek spousal maintenance if the spouse lacks sufficient property to meet minimum reasonable needs and lacks the ability to earn sufficient income to provide for minimum reasonable needs. Tex. Fam. Code Ann. § 8.051(2)(B).

The trial court awarded Mollie the following assets:

1.  The sum of $87,011.18 to be paid from the court's registry.[1]

---

[1]It appears that this sum was part of the $268,801.75 that was gained from the sale of Christopher and Mollie's home and that was placed in the court's registry. In the divorce decree, the trial court lists this sum as "payable to Mollie Sherman" under the title "Division of Marital Estate." It is unclear to us why neither party included this sum in their respective calculation of Mollie's awarded assets.

2. All household furniture, furnishings, fixtures, goods, art objects, collectibles, appliances, and equipment in her possession or subject to her sole control, including all of the property in storage.[2]

3. All clothing, jewelry, and other personal effects in her possession or subject to her sole control.[3]

4. The sum of $500,000 to be paid from the sale/liquidation of cryptocurrency holdings.

5. Silver located at American National Bank valued at $28,800.

6. The "gold rubbing" and "blue stone from the World Trade Center" in possession of Mollie Sherman.

7. Retirement USB account ending in 82-55.[4]

---

[2]The trial court did not value this property in the divorce decree. And neither Christopher nor Mollie attempt to place a value on this property.

[3]Mollie's jewelry appraised for $119,249.99. Mollie does not dispute the jewelry's appraised value. Rather, she argues that the jewelry is not a "liquid" asset. We disagree. *See Arevalo v. Millan*, 983 S.W.2d 803, 804 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (holding that jewelry is a liquid asset); *Liquid asset*, Black's Law Dictionary (10th ed. 2014) (defining "liquid asset" as an asset that is readily convertible into cash).

[4]Christopher asserts that this account is valued at $2,158.59 "based on the evidence presented." Yet, Christopher fails to provide a record citation for where this evidence can be found. We, as an appellate court, have no duty to search the record to find the complained-of evidence. *See Rubsamen v. Wackman*, 322 S.W.3d 745, 746 (Tex. App.—El Paso 2010, no pet.) (noting that appellate courts are not "required to sift through the record in search of facts supporting a party's position"). Having failed to provide any citation to the record to support his assertion, we cannot credit Christopher's claim that the account's value is $2,158.59. *See* Tex. R. App. P. 38.1(i)

8. Retirement account Forge Trust, formerly known as IRA services, account #1724 valued at $94,760.45.

9. UMB Health Savings account valued at $46.86.

10. Compass account containing $1,003.12 in cash.

11. 2009 Lexus RX350 motor vehicle.[5]

In total, Mollie was awarded $830,871.60 in assets. During trial, Mollie initially testified that her monthly expenses totaled $7,091. However, she later realized that she had overestimated her monthly therapy costs of $600 per month. After she reduced that number to $300 per month, her monthly estimated expenses totaled $6,791.

The trial court awarded Mollie sufficient property to provide for her minimum reasonable needs even after subtracting (1) the value of the retirement account that she was awarded and (2) the liabilities that the trial court had ordered her to pay.

Of the $830,871.60 awarded to Mollie, $94,760.45 of that amount was in a SEP IRA fund. Any withdrawal from the SEP IRA would be subject to taxes and penalties.

---

(requiring briefs to contain citations to the record); *Nawas v. R & S Vending*, 920 S.W.2d 734, 737 (Tex. App.—Houston [1st Dist.] 1996, no writ) (an appellate brief must include a fair, condensed statement of facts pertinent to the points of error raised with references to pages in record where facts may be found, and appellate court is not required to search record without guidance to determine whether assertions regarding facts of case are valid).

[5]The trial court did not value this piece of property in the divorce decree. And neither Christopher nor Mollie attempt to value the vehicle.

*See* I.R.C. §§ 72(t), 408(d); Indiv. Ret. Plans Guide ¶ 2180 (2018). The record does not reflect how much of these funds, if any, were accessible to Mollie immediately or without consequence. *See Gordon v. Gordon*, No. 14-10-01031-CV, 2011 WL 5926723, at *4 (Tex. App.—Houston [14th Dist.] Nov. 29, 2011, no pet.) (mem. op.) (noting that the record did not reflect that the retirement assets the wife had received "were accessible to [her] immediately or without substantial consequence"). Further, "[i]n considering assets awarded in the divorce, the law does not require a spouse to spend down long-term assets, liquidate all available assets, or incur new debt simply to obtain job skills and meet needs in the short term." *Dunaway v. Dunaway*, No. 14-06-01042-CV, 2007 WL 3342020, at *3 (Tex. App.—Houston [14th Dist.] Nov. 13, 2007, no pet.) (mem. op.). With no evidence to show that Mollie could access the retirement funds immediately and without consequence, we do not consider this account when determining whether Mollie had sufficient property to meet her minimum reasonable needs. After subtracting the retirement account from the awarded assets, the amount of Mollie's property is $736,111.15.

Additionally, the trial court found that the total of Mollie's liabilities was $322,029.17. After Mollie pays off her liabilities, she will have $414,081.98 in property

7

on dissolution of the marriage to provide for her "minimum reasonable needs." This is the equivalent of approximately five years of Mollie's monthly expenses.[6]

In the judgment, the trial court ordered Christopher to pay spousal maintenance in the amount of $2,500 per month for two years. The evidence does not support a finding that any amount is necessary to provide for Mollie's "minimum reasonable needs" that is greater than $6,791 per month.[7]

Accordingly, we conclude that the evidence is legally insufficient to support a finding that Mollie would lack sufficient property on dissolution of the marriage to provide for her "minimum reasonable needs." *See Watson v. Watson*, 286 S.W.3d 519, 525 (Tex. App.—Fort Worth 2009, no pet.). Thus, the trial court abused its discretion by awarding Mollie spousal maintenance. *See id.* We sustain Christopher's third issue.

---

[6]We also note that Mollie testified that she plans to return to college to obtain a master's degree in counseling. She testified that she would be able to begin earning money as a counselor in four years.

[7]Mollie argues that she is also eligible for spousal maintenance on the ground that she is unable to earn sufficient income to provide for her minimum reasonable needs because of incapacitating physical or mental disability. *See* Tex. Fam. Code Ann. § 8.051(2)(A). However, the trial court did not find that Mollie qualified for spousal maintenance based on this ground, and the record does not contain evidence that Mollie is unable to earn sufficient income to provide for her minimum reasonable needs because of an incapacitating physical or mental disability. Moreover, even if Mollie did qualify for spousal maintenance under this ground, she would still not be entitled to it because the trial court awarded her sufficient property to provide for her minimum reasonable needs. *See* Tex. Fam. Code Ann. § 8.051.

## III. CONCLUSION

Having sustained Christopher's third issue, we modify the trial court's final divorce decree to delete all awards of spousal maintenance and affirm the judgment as modified. *See* Tex. R. App. P. 43.2(b).

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: July 14, 2022