

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-23-00353-CV

———————————————————

ZAK WEGAND, Appellant

V.

MITZI WEGAND, Appellee

On Appeal from the 16th District Court
Denton County, Texas
Trial Court No. 22-0233-16

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

After almost twelve years of marriage, Zak Wegand (Husband) sued Mitzi Wegand (Wife) for divorce. Wife countersued and sought, among other things, spousal maintenance. After a bench trial, the trial court granted the divorce, divided the marital estate, determined conservatorship and possession of and access to the couple's child, and ordered Husband to pay child support and spousal maintenance.

Husband appeals from the trial court's final divorce decree and challenges only the spousal-maintenance award. In three issues, he argues that the trial court abused its discretion by awarding Wife spousal maintenance under Chapter 8 of the Texas Family Code because there is no evidence to support the trial court's findings that (1) Wife exercised diligence in earning sufficient income to provide for her minimum reasonable needs; (2) Wife exercised diligence in developing the necessary skills to provide for her reasonable needs during the couple's separation and during the case's pendency; and (3) Wife lacked the ability to earn sufficient income to provide for her minimum reasonable needs. Because no evidence supports the trial court's findings regarding Wife's diligence in either earning sufficient income or developing the necessary skills to provide for her minimum reasonable needs, we will reverse the trial court's spousal-maintenance award and render judgment denying Wife's spousal-maintenance request.

## I. Background

Because Husband's appeal is limited to challenging the trial court's spousal-maintenance award, we confine our factual recitation to the evidence and procedural history relevant to that issue.

Husband and Wife married in May 2010, and Wife gave birth to the couple's child in July 2016. The couple separated in November 2021, and Husband filed for divorce in January 2022. The parties tried the case to the court over two days in late May and early June 2023.

At the time of trial, Husband and Wife had been married for 13 years and their child was almost seven years old. Wife was a stay-at-home mom and had not worked outside of the home since the child was born. She had recently started working from home doing marketing for her parents' ranch because, as she explained it, "Judge said I needed to start working, and so I did."

Wife has a bachelor's degree in general studies from Texas Woman's University and has an aesthetician license. Wife planned to attend nursing school at either Texas Woman's University or West Coast University in Richardson, but at the time of trial, she was still "trying to get in."

Although she had an aesthetician license, Wife had not applied for any aesthetician jobs. As she explained,

I have applied at zero [clinics] because there are neighbors who have charged me with a fake crime.[1] So I am -- it's a real small-knit community. And if I were to go and apply somewhere and that got brought up, everybody would know, and I would be useless for the business once I get done with nursing school.

Wife had prepared a monthly budget, which was admitted into evidence, that reflected her monthly expenses and income. Wife's monthly expenses were $8,887.40. Her monthly income—child support ($1,840) plus her earnings from working at her parents' ranch ($1,600)—was $3,440. Her monthly deficit was thus $5,447.40.

Wife planned to "make up" the deficit with spousal maintenance until she finished with nursing school.[2] She expected to finish nursing school in two-and-a-half to three years and requested that the trial court award her spousal maintenance for five years to give her time to finish school and to start making money.

In its final divorce decree, the trial court ordered Husband to pay Wife spousal maintenance as follows:

> The Court finds that under the circumstances presented in this case, [Wife] is eligible for maintenance under the provisions of Texas Family Code [C]hapter 8. Accordingly, [Husband] is ordered to pay as maintenance the sum of four thousand dollars ($4,000.00) per month to [Wife] for one year, with the first payment being due on July 1, 2023, and

[1]In late April 2022, Wife was involved in an incident in which the family's dog attacked one of her neighbor's dogs. Wife allegedly assaulted the neighbor during the incident, and a few days before the divorce trial began, a Denton County grand jury indicted Wife for aggravated assault.

[2]Under agreed temporary orders, Husband had been paying Wife $5,000 per month in temporary spousal maintenance and $1,840 per month in temporary child support since May 1, 2022.

a like amount being due 1st of each consecutive month thereafter until the earliest of one of the following events occurs:

1. June 30, 2024;

2. death of either Petitioner or Respondent;

3. remarriage of [Wife]; or

4. further orders of the Court affecting the spousal maintenance obligation, including a finding of cohabitation by [Wife].

Husband timely requested findings of fact and conclusions of law, specifically findings and conclusions on "the factors that the [c]ourt considered when determining the order for post-divorce spousal maintenance." The trial court filed the following findings of fact and conclusions of law:

*Findings of Fact*

1. The parties were married on May 1, 2010.

2. The [c]ourt ordered a just and right division of the community estate . . . .

3. [Wife's] share of the community estate (after debts awarded to her) amounts to $325,528.30.

4. . . . [Wife's] share of the community estate includes a vehicle, house furnishings, a small amount of cryptocurrency, and $20,509.79 in cash. However, the bulk of [Wife's] share of the community estate will only be realized once the marital home and a lake lot are sold and proceeds distributed at some uncertain time in the future.

5. Until such time as the properties are sold and proceeds received, [Wife] has insufficient income to meet her minimum reasonable needs.

6. [Wife] testified and offered [an exhibit] in support of her minimum reasonable needs that amounted to $,8,887.50 [sic] per month. Her monthly income at the time of trial was $1,600 per month[,] and she receives $1,840 in child support. This results in a monthly deficit of

5

$5,447.40 to meet her minimum reasonable needs according to her testimony. Per the [court]'s property division, commencing October 1, 2023, she will be required to maintain the costs of the marital home until it sells which was included in her minimum[-]reasonable[-]needs calculation.

7. [Wife] and [Husband] were married for 10 years or longer.

8. [Wife] lacks sufficient property, including [Wife's] separate property, on dissolution of marriage to provide for [Wife's] minimum reasonable needs.

9. [Wife] lacks the ability to earn sufficient income to provide for her minimum reasonable needs.

10. [Wife] will require additional education and training to earn sufficient income to provide for her minimum reasonable needs. The [c]ourt's award of spousal maintenance allows her one year to obtain such additional education and training. She has been out of the work force [sic] for a number of years and has been a stay-at-home parent since the child was born in 2016.

11. [Wife] has exercised diligence in earning sufficient income to provide for her minimum reasonable needs or developing the necessary skills to provide for her minimum reasonable needs during a period of separation and during the time the suit for dissolution of the marriage was pending.

12. [Husband's] average monthly gross income is equal to or greater than $20,000.00.

13. One year is the shortest reasonable period that allows [Wife] to earn sufficient income to provide for [Wife's] minimum reasonable needs.

14. Any finding of fact that is a conclusion of law shall be deemed a conclusion of law.

### Conclusions of Law

1. Under the circumstances of this case, [Wife] is eligible for maintenance under the provisions of Chapter 8 of the Texas Family Code.

2. [Husband] should pay spousal maintenance in the amount of $4,000.00 per month for a period of one year.

3. The duration of [Husband's] spousal-maintenance obligation should be until the earliest occurrence of one of the following events:

    a. June 30, 2024;

    b. death of either [Husband] or [Wife];

    c. remarriage of [Wife]; or

    d. further orders of the [c]ourt affecting the spousal-maintenance obligation, including a finding of cohabitation by [Wife].

4. Any finding[ ] of fact that is a conclusion of law shall be deemed a conclusion of law.

Husband timely appealed, and he challenges the trial court's spousal-maintenance award, arguing that the trial court abused its discretion because there was no evidence to support certain spousal-maintenance findings. Wife did not file a brief.

## II. Applicable Law

Spousal maintenance is "an award in a suit for dissolution of a marriage of periodic payments from the future income of one spouse for the support of the other spouse." Tex. Fam. Code Ann. § 8.001(1). Spousal maintenance's purpose is "to provide temporary and rehabilitative support for a spouse whose ability to support herself has eroded over time while engaged in homemaking activities and whose capital assets are insufficient to provide support." *Sherman v. Sherman*, 650 S.W.3d 897, 899 (Tex. App.—Fort Worth 2022, no pet.) (quoting *In re Marriage of Hallman*, No. 06-09-00089-CV, 2010 WL 619290, at *5 (Tex. App.—Texarkana 2010, pet. denied)

7

(mem. op.)). "[A] trial court has discretion to award spousal maintenance only if the party seeking it meets specific statutory requirements." *In re Marriage of McCoy*, 567 S.W.3d 426, 429 (Tex. App.—Texarkana 2018, no pet.).

Section 8.051 of the Texas Family Code governs a spouse's eligibility for spousal maintenance. *See* Tex. Fam. Code Ann. § 8.051. As relevant here, a trial court may order spousal maintenance if (1) "the spouse seeking maintenance will lack sufficient property, including the spouse's separate property, on dissolution of the marriage to provide for the spouse's minimum reasonable needs," *id.*, and (2) the maintenance-seeking spouse "has been married to the other spouse for 10 years or longer and lacks the ability to earn sufficient income to provide for the spouse's minimum reasonable needs," *id.* § 8.051(2)(B).

When, as here, a party seeks spousal maintenance under Section 8.051(2)(B), there is a rebuttable presumption that spousal maintenance is not warranted unless the party has been diligent in

> (1) earning sufficient income to provide for the spouse's minimum reasonable needs; or
>
> (2) developing the necessary skills to provide for the spouse's minimum reasonable needs during a period of separation and during the time the suit for dissolution of the marriage is pending.

*Id.* § 8.053(a).

### III. Standard of Review

We review a trial court's decision to award spousal maintenance for an abuse of discretion. *Sherman*, 650 S.W.3d at 899. A trial court abuses its discretion if it acts without reference to any guiding rules or principles—that is, if its act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see Low*, 221 S.W.3d at 620.

Although a trial court does not abuse its discretion by deciding based on conflicting evidence, sufficient evidence must nevertheless support the decision; therefore, the traditional sufficiency-review standards are relevant to our review. *See Hamilton v. Hamilton*, No. 02-19-00211-CV, 2020 WL 6498528, at *3 (Tex. App.—Fort Worth Nov. 5, 2020, no pet.) (mem. op.); *In re S.C.*, No. 02-17-00377-CV, 2018 WL 5289370, at *3 (Tex. App.—Fort Worth Oct. 25, 2018, no pet.) (mem. op.). Stated another way, when analyzing whether a trial court abused its discretion by ruling based on legally or factually insufficient evidence, "we must determine (1) whether the trial court had sufficient evidence on which to exercise its discretion and (2) whether the trial court acted reasonably in applying its discretion to those facts." *Hamilton*, 2020 WL 6498528, at *3.

Because the trial court filed findings of fact and conclusions of law, the fact-findings have the same force and dignity as a jury's answers to jury questions. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). As with jury findings, a trial court's fact-findings on disputed issues are not conclusive, and when the appellate record contains a reporter's record, an appellant may challenge those findings for evidentiary sufficiency. *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994). We review the sufficiency of the evidence supporting challenged findings using the same standards that we apply to jury findings. *Id.*

We may sustain a legal-sufficiency challenge—that is, a no-evidence challenge—only when (1) the record bears no evidence of a vital fact, (2) legal or evidentiary rules bar the court from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact. *Gunn v. McCoy*, 554 S.W.3d 645, 658 (Tex. 2018). In determining whether legally sufficient evidence supports the challenged finding, we must consider evidence favorable to the finding if a reasonable factfinder could, and we must disregard contrary evidence unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We indulge "every reasonable inference deducible from the evidence" in support of the challenged finding. *Gunn*, 554 S.W.3d at 658 (quoting *Bustamante v. Ponte*, 529 S.W.3d 447, 456 (Tex. 2017)).

Anything more than a scintilla of evidence is legally sufficient to support a finding. *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727–28 (Tex. 2003). More than a scintilla exists if the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Gunn*, 554 S.W.3d at 658. On the other hand, no more than a scintilla exists when the evidence offered to prove a vital fact is so weak that it creates no more than a mere surmise or suspicion of its existence. *McAllen Hosps., L.P. v. Lopez*, 576 S.W.3d 389, 397 (Tex. 2019); *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983).

### IV. Analysis

In his first and second issues, Husband argues that there is no evidence to support the trial court's findings that (1) Wife was diligent in "earning sufficient income to provide for her minimum reasonable needs" and (2) Wife was diligent in "developing the necessary skills to provide for her minimum reasonable needs during a period of separation and during the time the suit for dissolution of the marriage is pending." *See* Tex. Fam. Code Ann. § 8.053(a). Husband further argues that because there is no evidence supporting these findings, Wife failed to rebut the statutory presumption under Section 8.053(a) that spousal maintenance under Section 8.051(2)(B) is not warranted. *See id.*

Wife—as the requesting spouse—had the burden to prove her entitlement to spousal maintenance. *See, e.g.*, *Boothe v. Boothe*, 681 S.W.3d 916, 927 (Tex. App.—Houston [14th Dist.] 2023, no pet.); *Marin v. Marin*, No. 03-22-00013-CV,

11

2023 WL 2776296, at *2 (Tex. App.—Austin Apr. 5, 2023, no pet.) (mem. op.). Here, the evidence shows that Wife's monthly expenses were nearly $9,000, that she received monthly child support of $1,840, and that she earned $1,600 per month working at her parents' ranch. Wife had recently started working because the trial-court judge had stated that she needed to start working. Although she had a college degree and an aesthetician license, Wife did not offer any evidence of efforts she had made, if any, to secure higher-paying employment. In fact, she admitted that she had not applied for any aesthetician jobs.[3] Her explanation for this failure was two-fold. First, she implied that the incident leading to the pending criminal charge and the incident itself would prevent her from being hired. Second, she claimed that she "would be useless for the business" once she finished nursing school. Neither of these explanations, however, supports the trial court's finding that Wife had been diligent in earning sufficient income: she presented no evidence that she had been or would be denied employment on any basis, and she testified that it could take her up to three years to finish nursing school.

Additionally, Wife offered insufficient evidence of her efforts to develop the necessary skills to provide for her reasonable needs during the parties' separation (staring in November 2021) and during the divorce's pendency (January 2022 through

---

[3]According to Husband, Wife not only completed the training necessary to obtain an aesthetician license but had obtained "further certification to gain what they call medical aesthetician so she can do more advanced treatments."

12

July 2023[4]). She testified that she planned to attend nursing school and "[h]op[ed] to get spousal maintenance until [she] could finish school and . . . start earning money." But as of early June 2023, she was still "trying to get in[to]" nursing school, even though the parties had been separated since November 2021 and the divorce had been pending since January 2022.

After considering evidence favorable to the trial court's finding, disregarding contrary evidence, and indulging every reasonable inference deducible from the evidence in support of the challenged findings, we conclude that the evidence here creates no more than a mere surmise or suspicion that Wife was diligent in earning sufficient income to provide for her minimum reasonable needs or was diligent in developing the skills necessary to meet those needs. *See McCoy*, 567 S.W.3d at 429; *see also* Tex. Fam. Code Ann. § 8.053. The evidence was thus legally insufficient to overcome the presumption that spousal maintenance was not warranted. *See* Tex. Fam. Code Ann. § 8.053. Accordingly, there was insufficient evidence upon which the trial court could have exercised its discretion to award spousal maintenance, and we hold that the trial court abused its discretion by awarding Wife spousal maintenance. We sustain Husband's first and second issues.[5]

---

[4]The trial court signed the final divorce decree on July 13, 2023.

[5]Because these issues are dispositive of Husband's appeal, we need not address his third issue, which challenges the legal sufficiency of the evidence supporting the trial court's finding under Section 8.051(2)(B) that Wife lacks the ability to earn

## V. Conclusion

Having sustained Husband's dispositive issues, we reverse the portion of the final divorce decree awarding Wife spousal maintenance, and we render judgment denying Wife's spousal-maintenance request. *See* Tex. R. App. P. 43.2(c). We affirm the rest of the final divorce decree. *See* Tex. R. App. P. 43.2(a).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered:  August 1, 2024

---

sufficient income to provide for her minimum reasonable needs. *See* Tex. R. App. P. 47.1; *McCoy*, 567 S.W.3d at 428, 430 n.2.